Dear Mr. Elzey:
You have requested an opinion of the Attorney General regarding the option of your receiving a vehicle allowance in lieu of purchasing or leasing a vehicle. If such an allowance is permissible, you ask our recommendation as to the amount thereof.
In answer to your first question, we refer you to R.S.47:1907 and 1908 which enumerate the salary and expense allowances, respectively, of the individual assessors. This office has previously opined that a parish assessor may purchase an automobile for official use and pay for same out of the expense fund so long as the expenses related thereto, along with other expenses, do not exceed the maximum allowance authorized by R.S. 47:1908. Opinions of the Atty. Gen. 1948-50, p. 22 and 1944-46, p. 23.
A further review of these provisions reveals no legal impediment for the payment of an automobile allowance, in lieu of the purchase and/or rental of a motor vehicle. We focus now on your second inquiry, to-wit: the amount of the allowance.
We draw your attention to R.S. 47:1907 which establishes a maximum salary comprised of a base amount predicated on population and a seven percent supplement conditioned upon certification under the Assessors' Professional Certification Program. We also draw your attention to Article VII, Section 14
of the 1974 Louisiana Constitution which provides, in pertinent part, the following:
 "Section 14. (A) Prohibited uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . ."
The provisions discussed above must also be examined in light of Section 62 of the Internal Revenue Code, enacted in 1989. It provides that, to the extent adequate documentation is maintained to support travel expenses, the Internal Revenue Service does not require the payments to be reported as compensation or income. Conversely, in the absence of adequate documentation to substantiate *Page 2 
the payment as a legitimate reimbursement for business expenses, the expense allowance is presumed to constitute compensation from which taxes must be withheld. This is critical if your current salary is at or near the maximum set by statute.
Assuming you are already drawing your maximum salary, the receipt of additional compensation (i.e., a travel allowance without adequate documentation of business expenses) would constitute a bonus or donation prohibited by Article VII, Section 14.
For example, if your salary is at its maximum and you receive a $250 allowance for a given month in which you incurred no travel expenses, the allowance would constitute additional compensation in violation of Article VII, Section 14. Under this same scenario, if you actually incurred $200 in adequately documented legitimate travel expenses, only the excess (i.e., $50) constitutes a prohibited bonus or donation. In the above examples, if the unsupported allowance, or a portion thereof, when added to your salary, does not exceed your statutory maximum, same would not constitute a donation or bonus, but merely additional compensation for tax purposes.
To obviate the aforementioned statutory, constitutional and tax issues, we recommend that vehicle expenses be adequately documented and reflected on your financial records. You may wish to contact the Office of the Legislative Auditor in this regard. The number in Baton Rouge is (504)-339-3800.
In conclusion, it is the opinion of this office that you may receive a travel expense allowance pursuant to R.S. 47:1908
in lieu of your purchasing and/or leasing an automobile. The allowance, along with your other expenses, should not aggregate more than is allowed in Section 1908. To the extent travel expenses for a given month are not adequately documented or incurred, the allowance must be reported as additional income from which taxes must be withheld. This additional income, along with the salary authorized by statute, should not exceed the maximum established in R.S. 47:1907. In accord are Attorney General Opinion Nos. 94-244 and 92-857.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By:ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla